FRANKLIN INDUSTRIES, INC. PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 79-6-00958

Before RICHARDSON, Judge

(Decided June 18, 1981)

*Paul F. Stack, Mark D. DeBofsky* and *Stack & Filpi* for the plaintiff.
*Stuart E. Schiffer,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Saul Davis* on the briefs), for the defendant.

RICHARDSON, *Judge*: In this action involving the importation from West Germany of a used Schiess MC WBF–19 horizontal boring mill ("Schiess mill") plaintiff has moved and defendant has cross-moved for summary judgment. The essential facts underlying the controversy are not in dispute.

Plaintiff purchased the boring mill in October 1977, in West Germany from Konrad Seidler for shipment to the United States. Owing to its size and weight [14.5' high x 40' long and 137,000 pounds] and the difficulty of obtaining booking for shipment the mill was disassembled and containerized except for one 30 foot long column, and the containers and column separated into two groups for separate shipment. Part of the mill, consisting of one 40 foot container and two

20 foot containers, was shipped on one vessel, and is covered by entry 114430, dated December 16, 1977, which is the subject of this action. And the remaining part, consisting of the column, was subsequently shipped on another vessel, and is covered by entry 115518, dated December 22, 1977, which has never been the subject of protest or a civil action. Upon entry at Chicago, Illinois, both entries were classified in liquidation under TSUS item 674.53 as parts of machine tools, other, at the duty rate of 7 *per centum ad valorem.*

On these facts plaintiff contends that the merchandise the subject of entry 114430 should have been classified as entered under TSUS item 674.32 as a boring machine [vertical spindle] at the duty rate of 6 *per centum ad valorem.* Plaintiff argues that the articles covered by this entry constitute an *entirety* owing to the difficulties encountered by plaintiff that necessitated separate shipment of parts of the mill, citing, among other things, *Daisy-Heddon, Div. Victor Comptometer Corp. v. United States, 66 CCPA 97, 600 F. 2d 799, C.A.D. 1225 (1979).*

Defendant contends that the holding in *Daisy-Heddon* is inapposite, and does not disturb the long settled rule that entry of parts of an article will not permit classification of the entered parts as an *entirety,* citing *Stella D'Oro Biscuit Co., Inc. v. United States,* 65 CCPA 52, C.A.D. 1205, 570 F. 2d 945 (1978), aff'g. 79 Cust. Ct. 28, 33–34, C.D. 4709, 436 F. Suppl 398 (1977). Defendant argues that there is no such thing as an *unfinished entirety.*

The court agrees with defendant. Plaintiff concedes that prior to the decision of our appellate court in *Daisy-Heddon,* the doctrine of *entireties* was inapplicable when separate parts of a single article were imported in more than one shipment, calling attention to the holdings in *United States v. Baldt Anchor, Chain and Forge Div. of Boston Metals Co.,* 59 CCPA 122, C.A.D. 1051, 459, F. 2d 1403 (1972), and *Trans-World Shipping Service, Inc. v. United States,* 58 Cust. Ct. 120, C.D. 2900 (1967).

In *Baldt Anchor* our appellate court held that an importation of five of six machines which together constituted a complete system of machines for the production of welded chain anchors, did not constitute an *entirety.* The court stated (p. 126):

> To hold that the bulk of the equipment, imported in one shipment, is an entirety of unfinished apparatus and that the remaining element of that equipment, imported in a separate shipment, is a part of that entirety, would greatly compromise the doctrine of entireties. If that were the law, once it was determined that assembled pieces of equipment constitute an entirety, the mere absence of some of those pieces, even though essential ones, from the shipment would not preclude its treatment as an entirety of "unfinished" apparatus and the missing

pieces of equipment would be "parts" of that entirety. Clearly that is not the law. [Citation omitted.]

Plaintiff's reliance upon the recent decision of the Court of Customs and Patent Appeals in *Daisy-Heddon* to alter the holding of that court in *Baldt Anchor* is misplaced. Not only was *Baldt Anchor* not discussed in *Daisy-Heddon*, but *Daisy-Heddon* did not even involve the doctrine of *entireties*.

*Daisy-Heddon* involved the dutiable classification of *unfinished* fishing reels, and turned on the question of whether the imported articles were *substantially complete* in the condition and at the time imported. And the five determining factors [1] applied in *Daisy-Heddon* [not intended to be exhaustive] to which plaintiff calls attention and urges upon the court here, had a bearing in determining whether or not the reels were substantially complete so as to support classification of the unfinished articles as *reels* rather than as *parts* of reels as claimed. In the instant case the *used* mill is the very antithesis of an *unfinished* article such as that involved in *Daisy-Heddon*, because the mill represents a *finished* and *completed* article that was disassembled prior to importation—an entirely different state of facts than that dealt with in *Daisy-Heddon*.

There being no *entirety* present here, the principle of *Baldt Anchor* is controlling and must be followed. The customs service was correct in classifying the subject importation as *parts* of a machine under item 674.53.

Also, 19 U.S.C. 1500(d) mandates that each entry of merchandise be liquidated separately. The customs service cannot merge two distinct entries for purposes of liquidating two separate shipments of merchandise as an entirety.

Plaintiff could have availed itself of an alternative in this case. As defendant suggests in its reply memorandum plaintiff might have sought to utilize the provisions of the Tariff Act of 1930, as amended, relating to the Foreign Trade Zone and Warehousing in order to achieve unitary classification of the boring mill even if it were obliged to dismantle the mill and ship parts of it at different times. See 19 U.S.C.A., section 81c and 1562.

For the reasons stated, plaintiff's motion is denied, and defendant's cross-motion is granted. Judgment will be entered accordingly.

---

[1] i.e., (1) Comparison of the number of omitted parts with the number of included parts; (2) comparison of the time and effort required to complete the article with the time and effort required to place it in its imported condition; (3) comparison of the cost of the included parts with that of the omitted parts; (4) the significance of the omitted parts to the overall functioning of the completed article; and (5) trade customs, i.e., does the trade recognize the importation as an unfinished article or as merely a part of that article.